IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VIRAL DRM LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNKNOWN YOUTUBE UPLOADERS, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:23-mi-00012-AT-RDC |

## ORDER

This matter is before the Court *sua sponte*. On March 11, 2023, Plaintiff Viral DRM LLC moved for a subpoena under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h). (Doc. 1). It requested that this Court issue a subpoena to Google LLC for documents and information identifying the persons or entities responsible for posting allegedly infringing works identified in its DMCA takedown notice to YouTube. (*Id.*). The undersigned granted the motion, and Plaintiff served the subpoena on Google on March 27, 2023. (Docs. 4, 6-1).

On May 25, 2023, Plaintiff filed a motion to compel, asserting that Google had failed to comply with the subpoena. (Doc. 6). It asserts that Google acknowledged receipt of the subpoena in an email on March 30, 2023 and, on April

4, 2023, emailed another letter with objections. (*See* Docs. 6-2, 6-3). On April 18, 2023, Google sent an email indicating that it would produce responsive data after notifying the affected users and allowing them a period to file objections. (Doc. 6-4). Plaintiff reports that Google has not complied and argues that it should be compelled to respond or ordered to show cause why it should not be required to comply with the subpoena. (Doc. 6).

Google has not responded to the motion to compel, and the time to do so expired on June 8, 2023. However, upon review of Plaintiff's motion, the undersigned notes that Plaintiff indicates only that it served the motion to compel on Google through email. (Doc. 6 at 5). Google has not yet made an appearance in this matter, and while Plaintiff and Google communicated through email, there is no indication that Google consented in writing to service by email or that it confirmed receipt of the motion to compel. *See* LR 5.1(A)(3), NDGa; Fed. R. Civ. P. 5(a)(1)(D) (requiring a written motion to be served on every party); Fed. R. Civ. P. 5(b)(2)(E) (providing that service may be made electronically if a person has consented in writing but is not effective if the filer or sender learns that it did not reach the person to be served).

Accordingly, out of an abundance of caution, the undersigned **ORDERS** Plaintiff to serve Google with a copy of its motion to compel, as well as the instant Order, via Google's registered agent as identified in the subpoena. (*See* Doc. 5-1).

Plaintiff shall file a notice demonstrating proof of service within **ten (10) days** of this Order. After service is completed, Google shall have **fourteen (14) days** to respond to the motion to compel. If Google fails to respond, the Court will treat the motion as unopposed. *See* LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

IT IS SO **ORDERED** on this 13th day of June 2023.

REGINA D. CANNON
United States Magistrate Judge